## THE CITY OF ST. BERNARD v. STEINGRUBE.

*Negligence—Child killed playing with pile of poles—Contributory negligence by parents.*

In an action by a father for loss of services of his son who was killed while playing on a pile of electric light poles owned by defendant, one of the poles rolling on decedent and crushing him, where the defense is negligence on the part of plaintiff in allowing his son of tender years to leave his home unguarded and trespass upon private property of others without exercising parental care or custody over him, it is error for the trial court to refuse to permit the jury to consider such defense under proper instructions where the evidence discloses that plaintiff's house was on the lot adjacent to the one on which the accident occurred, that plaintiff had constructed a gate leading from his lot to the one in question as a short cut for him and his children, that he had often seen his children playing on the pile of poles and had every opportunity of knowing that the poles might roll and injure the children.

(Decided February 20, 1922.)

ERROR: Court of Appeals for Hamilton county.

*Miss Loraine E. Cain,* city solicitor, for plaintiff in error.

*Messrs. Littleford & Ballard,* for defendant in error.

HAMILTON, P. J. The defendant in error, plaintiff below, brought suit against the city of St. Bernard to recover for the loss of services of his son, a boy about seven years of age, who lost his life while playing on a pile of electric light poles owned and piled by the city, the poles rolling and crushing him. There is some dispute as to just where the

poles were piled, whether on a vacant lot, or on an unimproved street, there being evidence tending to show that the pile of poles was both on the street and on the vacant lot.

There are several specifications of error, but the important one is raised by the exceptions to the general charge on the question of contributory negligence of the parents. That part of the charge is as follows:

"The city of St. Bernard as a further defense says that the parents of this boy were negligent in failing to exercise the proper parental restraint and control of this boy whereby he was injured, but as to this defense the court is of the opinion that it has no application to this case, so you are directed to disregard this claim of negligence of the parents of the boy."

It is alleged in the amended answer that the injury was due to the carelessness and negligence of the father and mother of the boy in permitting and allowing him, a child of tender years, to leave his home unguarded and unprotected, and to allow him to run upon the public streets while so unguarded and unprotected, and to trespass and play upon the private property of others, without exercising that parental care, custody and supervision over the child that is required and is necessary for the safety and wellbeing of children of tender years.

That negligence of the father in failing to exercise proper parental care under the conditions and circumstances surrounding this case would bar recovery in an action by the father for loss of services of his child is settled law in Ohio by the case of *Bellefontaine Ry. Co. v. Snyder*, 24 Ohio St., 670.

The duty of the parent is well stated in Beach on Contributory Negligence (3 ed.), Section 142.

"Parents of children of tender years must use care proportionate to known dangers, or dangers that might be known by the exercise of ordinary diligence and prudence; but parents are not bound to guard their children against unknown dangers, or dangers that ordinary diligence and prudence would not make it their duty to know. The degree of care required will depend upon the circumstances of the case, and often upon the situation of the parents. When a parent whose means are limited has done all that can reasonably be expected from one in his condition, he will not be debarred from a recovery for the loss of his child's services in consequence of an injury caused by the negligence of others because he has not exercised the same degree of care in protecting his child as would reasonably be expected from parents having more means at their command. All circumstances, therefore, that tend to show the degree of care exercised by the parent or guardian over his child for its protection are to be considered, and in case of injury to the child by the negligence of others, his conduct is to be measured by what will reasonably be expected from a prudent person of his financial condition and station in life. Whether or not the parent was negligent will generally be a question for the jury."

This rule of law is supported by a long line of authorities cited in the text. In many states it has been held that for the parent of a child *non sui juris* to permit it to be upon a city street unattended and to wander about is *prima facie* contributory negligence, but this rule is applied only in states where the charge of contributory negligence must be re-

moved by the plaintiff. In states where the burden
of proving contributory negligence is on the party
alleging it, as in this state, the rule would not go
to the extent of holding that such fact would be
*prima facie* negligence, but proof of such facts do
tend to show contributory negligence, which be-
comes a question for the jury under all the circum-
stances of the case. See notes in 32 L. R. A. (N.
S.), 410; 16 L. R. A. (N. S.), 396; 18 L. R. A. (N.
S.), 326.

It is urged that in this case there is not a scintilla
of evidence of contributory negligence, and, that,
therefore, there would be nothing to submit to the
jury on that question. But the record discloses that
the plaintiff's property was adjacent to the vacant
lot and street in question, and that the plaintiff, fa-
ther, had constructed a gate leading from his gar-
den into the lot in question, as a short cut for him
and his children across this lot; that the father knew
that the children were going across this lot, and
playing on the lot; that the pile of poles had been
there many months; that he, the father, passed the
pile of poles across this lot four times a day, going
to and from his work; and that he had often seen
children playing on the pile of poles, and had every
opportunity of knowing, and must have known, that
the poles might roll and injure such children.

Did the father use care proportionate to known
danger, or danger he should have known in the ex-
ercise of ordinary care, to protect his child? It
must be borne in mind that this action is for the
benefit of the father, and if he was in fault in any
degree, he cannot recover.

Under all the circumstances of the case we are of
opinion that it cannot be said as a matter of law

App.]              St. Bernard v. Steingrube.

that there was no scintilla of evidence of contributory negligence on the part of the father. The question should have been submitted to the jury under proper instructions, and it was error on the part of the court to charge it out of the case and refuse to permit the jury to consider it. It is unnecessary to discuss the prejudicial character of the question, as the case might stand or fall on this point.

Several other questions of error have been argued, which go largely to the credibility of witnesses and the weight of the evidence, but they do not disclose reversible error.

For error in the general charge, as above pointed out, the judgment will be reversed and the cause remanded for a new trial.

*Judgment reversed, and cause remanded.*

CUSHING and BUCHWALTER, JJ., concur.